# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 7, 2014 Session

## STATE OF TENNESSEE v. JOEY GODWIN

**Appeal from the Circuit Court for Gibson County**
**No. 9061 & 9088     Clayburn Peeples, Judge**

---

**No. W2013-01602-CCA-R3-CD  - Filed March 6, 2014**

---

D. KELLY THOMAS, JR., J., concurring in part and dissenting in part.

I respectfully dissent from the majority's holding that the trial court did not err by ordering consecutive sentences in this case. I agree with the majority that the trial judge in this case recited his reasons for imposing consecutive sentences and that the ruling is therefore entitled to a presumption of reasonableness. See State v. James Allen Pollard, -- S.W.3d --, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *7-9 (Tenn. Dec. 20, 2013). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. at *9 (citing Tenn. R. Crim. P. 32(c)(1) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal.")); see also State v. Bise, 380 S.W.3d 682, 705 (Tenn. 2012). I agree as well that the record supports the trial judge's determination that appellant's record of criminal activity is extensive pursuant to Tennessee Code Annotated section 40-35-115(b)(2). That, however, in my opinion does not end our inquiry.

"[M]eaningful appellate review," as described in Pollard, includes consideration of the purposes and principles of sentencing. See Bise, 380 S.W.3d at 707 ("[W]e adopt an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act."); see also State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" Tenn. Code Ann. § 40-35-103(2) & (4). Moreover, the "foremost purpose" of our Sentencing Act, "is to promote justice," which includes an acknowledgment that "[e]very defendant shall be punished by the imposition of

a sentence justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1).

Appellant is a forty-year-old small-time, albeit it prolific, seller of cocaine. His seven prior convictions qualified him as a Career Offender with a release eligibility of sixty percent. Therefore, he is subject to a minimum sentence of thirty years to serve after completing the sentence in which his parole was revoked. I do not think a sentence of sixty years with sixty percent release eligibility for the forty-year-old appellant is justly deserved in relation to two sales of less than one gram of cocaine. Therefore, I would find that an abuse of discretion occurred and reverse the order of consecutive sentences. Save this, in all other respects, I would affirm the trial court's judgments.

_____
D. KELLY THOMAS, JR., JUDGE

2